UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEO BRYNES TRUST d/b/a MANTON INDUSTRIES, BIG TOP FLEA MARKET and HOWARD BRYNES, individually | : : : : | |
| v. | : : | |
| KEITH BRYNES, ATLANTIC ABATEMENT & CONSTRUCTION, INC., and ATLANTIC ABATEMENT CORPORATION | : : : : : : | C.A. No. 19-00509-WES |
| v. | : : | |
| MARK CARLSON, AMERICAN PRIDE INSULATION CO., INC., FRANCIS AND JOCELYNNE DUBUQUE AND SANTANDER BANK, N.A. | : : : : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States District Court

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the Motion to Dismiss Count I of the First Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 50). The Motion is filed by Plaintiffs and Counterclaim Defendants Leo Brynes Trust d/b/a Manton Industries, Big Top Flea Market and Howard Brynes (collectively "Counterclaim Defendants"). Defendants and Counterclaim Plaintiffs Keith Brynes, Atlantic Abatement & Construction, Inc. and Atlantic Abatement Corporation (collectively "Counterclaim Plaintiffs") filed an Objection. (ECF No. 57). Count I of the Counterclaim seeks a "Reporting and Accounting by Custodial Trustee Pursuant to R.I. Gen. Law § 18-13-15 – as to Howard Brynes." A hearing was held on January 11, 2021. After

reviewing the pleadings and arguments of the parties, in addition to performing independent research, I recommend that the Motion to Dismiss (ECF No. 50) be GRANTED.

**I.      Facts**

The following factual allegations are gleaned from the Counterclaim and, pursuant to Rule 12(b)(6), Fed. R. Civ. P., are accepted as true for purposes of considering the instant Motion to Dismiss. The parties to this case are embroiled in extensive litigation. At the heart of this Motion are claims related to the Leo Brynes Trust, which was established in November 1965. (ECF No. 35 at p. 2). Keith Brynes asserts that he is a beneficiary of the Leo Brynes Trust and that Howard Brynes, his father, is the Trustee. (ECF No. 35 at p. 2, 13). In his Counterclaim, Keith Brynes asserts that he has sought and been denied access to "Trust documents, a financial accountant and statements of the Trust assets." Id. at p. 13. Keith further claims that Howard has "represented that the Trust would be amended in order to cut Keith Brynes out as a beneficiary and that the Trust would be dissipated, and the assets disbursed so that [Keith] does not receive his beneficiary interest." Id. Keith asserts that under R.I. Gen. Laws § 18-13-15, he is entitled to a "written statement and accounting of the Leo Brynes Trust" as well as a copy of the Trust and any amendments. Id. at p. 14.

**II.     Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68

F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995).  While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).

### III.     Discussion

Count I of the Counterclaim seeks a "Reporting and Accounting by Custodial Trustee Pursuant to R.I. Gen. Law § 18-13-15 – as to Howard Brynes."  (ECF No. 35 at p. 12). Counterclaim Defendants assert that Count I fails to state a claim because R.I. Gen. Laws § 18-13-1, et seq, the Rhode Island Uniform Custodial Trust Act ("RIUCTA"), does not apply to the Trust as a matter of law.  They argue that RIUCTA is inapplicable for two reasons. First, they assert that RIUCTA is inapplicable because "custodial trusts are specifically created to manage property for a primary beneficiary who is or becomes incapacitated by disability." (ECF No. 50 at p. 3, citing Restatement (Third) of Trusts §1 cmt. A).  In support of this argument, Counterclaim Defendants argue that the purpose of the Trust in this case was not related to property management for an incapacitated beneficiary.  Id. at pp. 3-4. Second, Counterclaim Defendants note that the Trust was formed in 1965 and argue that the requirements of RIUCTA, which was not adopted until 1988, cannot apply to the Trust because it predates the statute.

Counterclaim Plaintiffs disagree on both accounts. First, they argue that Section 10(b) of the Trust, which provides for the creation of a "Family Trust" plainly establishes a custodial trust subject to the accounting requirements under R.I. Gen. Laws § 18-13-15. Counterclaim Plaintiffs contend that even though the Trust "language does not state verbatim that used in the statute, it does not change the type of trust that exists." (ECF No. 57 at p. 5). In support of this argument, Counterclaim Plaintiffs cite to the only Rhode Island case that has addressed a "custodial trust." See Miller v. Saunders, 80 A.3d 44 (R.I. 2013). Counterclaim Plaintiffs contend that Miller directly supports their argument that the Trust in question is a custodial trust. Counterclaim Defendants counter that the case is irrelevant because the trust at issue in that case was created in 2007, long after Rhode Island adopted RIUCTA.

In Miller v. Saunders, the Rhode Island Supreme Court was tasked, inter alia, with determining whether a note handwritten on a life insurance policy created a trust under RIUCTA. In Miller, the decedent handwrote a note naming his sister "as custodial trustee for the benefit of [his] minor children," but did not specifically name RIUCTA. The Court noted that the statute specifically provides "that a custodial trust may be created by designating the recipient '[in] substance...as custodial trustee for ____ (name of beneficiary) under the Rhode Island Uniform Custodial Trust Act.'" Miller, 80 A. 3d. at 50. The Court concluded that despite not explicitly citing RIUCTA in his handwritten note, the decedent had nonetheless created a trust governed by the statute.

In attempting to analogize Miller to this case, Counterclaim Plaintiffs argue that like the decedent in that case, this Trust does not specifically name RIUCTA but otherwise satisfies the statute's requirements to establish a custodial trust. While Counterclaim

Plaintiffs accurately describe the outcome in Miller, their attempt to apply that holding to the facts presented here is a reach. In Miller, the Rhode Island Supreme Court was considering specific trust language drafted well after RIUCTA was adopted into law and attempting to ascertain the intent of the drafter. In the present case, the drafter simply could never have intended to create a trust under the terms of a statute when the statute was not in existence when the trust was created. RIUCTA was enacted in 1988 and plainly intended to thereafter create a uniform statutory scheme to govern certain trusts. By explicitly or "in substance" referencing RIUCTA in the trust document as required by the statute, the statutory requirements that govern the trust are triggered. Its plain purpose was to create a new uniform model to regulate and administer certain trusts so that more extensive trust documents need not be drafted in each instance. Further, there is nothing in RIUCTA that provides for retroactive application of its provisions to an existing trust. Rather, the requirement that a trust refer to the Act expressly or "in substance" to be a custodial trust subject to the Act strongly suggests that it was intended to apply prospectively only. Accordingly, there is no legal basis to apply RIUCTA to a trust drafted over twenty years before it was enacted.

Therefore, there is no need to delve into the language of the Trust and consider whether Section 10(b) even creates a custodial trust because it is clear that RIUCTA cannot apply here as a matter of law, and thus I recommend that the Motion to Dismiss Count I of the Counterclaim be GRANTED.

On a final note, at the hearing on the Motion, Counterclaim Plaintiffs' counsel argued that even if RIUCTA does not apply, Count I should survive because his clients have common-law claims which support an entitlement to a Trust Accounting. However, Count

I of the Counterclaim as drafted cannot reasonably be read to include any such common-law claims since it is solely and unequivocally grounded in RIUCTA.  Accordingly, if Counterclaim Plaintiffs believe in good faith that they have such a common-law entitlement, their recourse is to file a Motion for Leave to Amend their Counterclaim to actually and specifically state such a claim.

**Conclusion**

For the foregoing reasons, I recommend that Counterclaim Defendants' Motion to Dismiss Count I of the Counterclaim (ECF No. 50) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


　/s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 1, 2021