```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


_____
                               )
LEO BRYNES TRUST d/b/a MANTON  )
INDUSTRIES, BIG TOP FLEA       )
MARKET, and HOWARD BRYNES,     )
                               )
     v.                        )
                               )
KEITH BRYNES, ATLANTIC         )
ABATEMENT & CONSTRUCTION,      )     C.A. No. 19-509 WES
INC., and ATLANTIC ABATEMENT   )
CORPORATION                    )
                               )
     v.                        )
                               )
MARK CARLSON, AMERICAN PRIDE   )
INSULATION CO., INC., FRANCIS  )
and JOCELYNNE DUBUQUE and      )
SANTANDER BANK, N.A.           )
                               )
_____)
```

**MEMORANDUM AND ORDER**

On March 1, 2021, Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("First R.&R."), ECF No. 74, which recommended granting Plaintiffs' Motion to Dismiss Count I of Defendants' First Amended Counterclaim, ECF No. 50, filed by Plaintiffs and Counterclaim Defendants Leo Brynes Trust d/b/a Manton Industries, Big Top Flea Market, and Howard Byrnes ("Plaintiffs and Counterclaim Defendants"). On May 25, 2021, Judge Almond issued a second Report and Recommendation ("Second R.&R."), ECF No. 84, recommending that Third-Party Defendant Santander Bank, N.A.'s Motion to Dismiss, ECF No. 59, be granted, that Third-

Party Defendant Mark Carlson's Motion to Dismiss, ECF No. 60, be denied, and that Third-Party Defendants American Pride Insulation Co., Inc. and Francis and Jocelynne Dubuque's Motion to Dismiss, ECF No. 61, be denied.  Counterclaim Plaintiffs Keith Brynes, Atlantic Abatement and Construction, Inc., and Atlantic Abatement Corporation (collectively, "Counterclaim Plaintiffs"), filed a limited Objection, ECF No. 78, to Judge Almond's First R.&R.  No other objections were filed in response to either R.&R.  After reviewing the relevant papers, the Court DENIES the First R.&R., as it is rendered moot by the granting of the Motion to Amend First Amended Counterclaim ("Motion to Amend"), ECF No. 77, as discussed below.  The Court ACCEPTS the Second R.&R. and ADOPTS the recommendations and reasoning set forth therein.

This dispute centers around the Leo Brynes Trust, which was formed in 1965.  First Am. Counterclaim 2, ECF No. 35.  Keith Brynes asserts that he is a beneficiary of the Trust and that Howard Brynes, his father, is the Trustee.  Id. at 13-14.  Keith Brynes represents that he has requested and been denied access to "Trust documents, a financial accountant and statements of the Trust assets."  Id. at 13.  In the First R.&R., Judge Almond recommended that Count I of the Counterclaim be dismissed, as the Leo Brynes Trust is not subject to the Rhode Island Uniform Custodial Trust Act, which was enacted decades after the creation of the trust.  First R.&R. 5.  The Counterclaim Plaintiffs' sole

2

objection to Judge Almond's First R.&R. was to "any and all finding that the granting of the Motion to Dismiss shall be with prejudice." Obj. 3. The Counterclaim Plaintiffs accordingly filed the Motion to Amend. Plaintiffs and Counterclaim Defendants filed an Objection, ECF No. 81, to the Motion to Amend. The Counterclaim Plaintiffs seek to amend their complaint to include a claim under the common law that Keith Brynes is entitled to accounting information and trust documents. Mot. to Amend 2-3.

A motion to amend may be denied if there is "undue delay, bad faith[,] dilatory motive . . . [or] futility of amendment." Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 60 (1st Cir. 2018) (quotations omitted). The amended complaint is futile if it "fail[s] to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Plaintiffs and Counterclaim Defendants argue that the amendment would be futile, as there "is no requirement in Rhode Island that trustees file an accounting in the Court with jurisdiction over trusts." Obj. to Mot. to Amend 4 (quoting Sargent v. Sargent, No. PC08-1429, 2009 R.I. Super. LEXIS 109, at *61-62 (R.I. Super. Ct. July 31, 2009). While that may be true, "it is well-settled that the trustee is under a duty to beneficiaries to give, at their reasonable request, 'complete and accurate information as to the nature and amount of the trust property,' and to permit inspection of the subject matter of the

3

trust, the accounts, and other related documents." Sargent, 2009 R.I. Super. Lexis 109, at *62 (quoting Restatement (Second) of Trusts § 173). This Court therefore finds that the amendment is not futile.

Accordingly, Plaintiffs' Motion to Dismiss Count I of Defendants' First Amended Counterclaim, ECF No. 50, is DENIED as moot, Third Party Defendant Santander Bank, N.A.'s Motion to Dismiss, ECF No. 59, is GRANTED, Third Party Defendant Mark Carlson's Motion to Dismiss, ECF No. 60, is DENIED, Third-Party Defendants American Pride Insulation Co., Inc. and Francis and Jocelynne Dubuque's Motion to Dismiss, ECF No. 61, is DENIED, and Counterclaim Plaintiffs' Motion to Amend First Amended Counterclaim, ECF No. 77, is GRANTED.

IT IS SO ORDERED.

/s/ W. E. Smith

William E. Smith
District Judge
Date: June 22, 2021